UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LEE BEEN, JR.,

    Plaintiff,

v.

                         Case No. 1:25-cv-542

                         HON. ROBERT J. JONKER

ANGELA M. PASULA, et al,

    Defendants.

_____/

## ORDER

       This matter is before the Court on Plaintiff's Motion for *Ex Parte* Temporary Restraining Order (ECF No. 2), filed May 9, 2025.  The Court may not issue a temporary restraining order without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show that irreparable injury will result before the adverse party can be heard in opposition and the moving party provides written certification of any efforts made to give notice and why notice should not be required.  FED. R. CIV. P. 65(b)(1).  Plaintiff has not verified anything other than his one-paragraph motion (ECF No. 2), and his papers do not demonstrate to the Court a continuing basis for concluding that irreparable injury will result before the adverse parties can be heard.  Indeed, a summons has issued to notify Defendants of the lawsuit, and there is no reason why Defendants cannot have a reasonable opportunity to be heard on the motion.  Plaintiff has not satisfied his burden under FED. R. CIV. P. 65(b)(1) for an *ex parte* Temporary Restraining Order.

       Beyond that, the Anti-Injunction Act precludes federal courts from enjoining pending state criminal prosecutions.  28 U.S.C. § 2283 ("[a] court of the United States may not grant an

injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"); *Younger v. Harris*, 401 U.S. 37, 40–41 (1971). Plaintiff has not shown, and the Court is not convinced, that the injunction he seeks falls within one of the three enumerated statutory exceptions to this general rule. *See Andreano v. City of Westlake,* 136 F. App'x 865, 879–80 (6th Cir. 2005). So it denies the Temporary Restraining Order on this basis too.

And finally, the Court denies Plaintiff's request for electronic filing. (ECF No. 4). The Court will address this request during the Rule 16 conference after Defendants appear in the case.

**ACCORDINGLY, IT IS ORDERED** that:

1. Plaintiff's Motion for *Ex Parte* Temporary Restraining Order (ECF No. 2) is **DENIED**; and

2. Plaintiff's *Pro Se* Application for Electronic Filing and Service (ECF No. 4) is **DENIED**.


Dated:   May 9, 2025                    /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE