UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LEE BEEN, JR.,

       Plaintiff,

                              No. 1:25-cv-00542

v

                              HON. ROBERT J. JONKER

HON. ANGELA PASULA DISTRICT JUDGE
BERRIEN COUNTY, GOVERNOR
GRETCHEN WHITMER, COLONEL JAMES     MAG. PHILLIP J. GREEN
GRADY COLONEL, DIRECTOR OF THE
MICHIGAN STATE POLICE, ALL IN THEIR   **DEFENDANTS' BRIEF IN**
OFFICIAL CAPACITIES,                     **SUPPORT OF MOTION TO**
                                      **DISMISS**

       Defendants.

Arthur Lee Been, Jr.                    Kristen Lee Rewa (P73043)
Plaintiff                            Attorney for Defendant Pasula
In Pro Se                         Cummings, McClorey, Davis &
34871 28th Ave.                    Acho
Paw Paw, MI 49079             2851 Charlevoix Dr SE Ste 203
(405) 906-9999                     Grand Rapids, MI 49546-7090
                                    (616) 975-7470
                                    krewa@cmda-law.com

Eric M. Jamison (P75721)        Thaddeus Jeremiah Hackworth
Attorney for Defendant Grady and Whitmer (P84996)
Michigan Department of Attorney General  Attorney for Defendant Pasula
State Operations Division          Corporate Counsel
P.O. Box 30754                   Berrien County
Lansing, MI 48909             701 Main St
(517) 335-7573                  Saint Joseph, MI 49085-1316
jamisone@michigan.gov        (269) 983-7111
                                    thackworth@berriencounty.org

## <u>DEFENDANT WHITMER AND GRADY'S</u>
## <u>BRIEF IN SUPPORT OF MOTION TO DISMISS</u>

<u>*/s/ Eric Jamison*</u>
Eric Jamison
Assistant Attorney General
Attorney for Whitmer and Grady
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

Dated:  May 29, 2025

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................................. i

Index of Authorities ............................................................................................ ii

Concise Statement of Issues Presented ...................................................... iv

Controlling or Most Appropriate Authority ............................................... iv

Statement of Facts ............................................................................................. 1

Standard of Review ............................................................................................ 3

Argument .............................................................................................................. 4

I.  Plaintiff is already a class member in a lawsuit challenging the same law ................................................................................................................. 4

II.  The plaintiff is not really arguing that the statute is vague, but instead is attacking his conviction for failing to report his address ............................ 6

III.  Claims for money damages are barred by the Eleventh Amendment ............ 10

Conclusion and Relief Requested ................................................................. 11

# INDEX OF AUTHORITIES

Page

**Cases**

*Am. Pipe & Constr. Co. v. Utah,*
    414 U.S. 538 (1974) ................................................................................... 5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................ 3, 9

*Binay v. Bettendorf,*
    601 F.3d 640 (6th Cir. 2010) ...................................................................... 9

*Colo. River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976) .................................................................................. 6

*Does v. Whitmer,*
    2:22-cv-10209 ECF No. 177, PageID.9388 ...................................... 2, 4, 5

*Does v. Whitmer,*
    No. 22-CV-10209, 2025 WL 1428243, at *1 (E.D. Mich. May 19, 2025) ................. 4

*Does v. Whitmer,*
    No. 22-CV-10209, 2025 WL 914129, at *7 (E.D. Mich. Mar. 26, 2025)............... 2, 5

*Edelman v. Jordan,*
    415 U.S. 651 (1974) ................................................................................ 10

*Edwards v. Balisok,*
    520 U.S. 641 (1997) .................................................................................. 8

*Eisen v. Carlisle & Jacquelin,*
    391 F.2d 555 (2d Cir. 1968)........................................................................ 6

*Heck v. Humphry,*
    512 U.S. 477 (1994) .................................................................................. 8

*Ibrahim v. U.S. Parole Bd. Members,*
    80 F. App'x 421 (6th Cir. 2003)................................................................... 8

*League of United Latin American Citizens v Bredesen,*
    500 F3d 523 (6th Cir. 2007) ....................................................................... 3

*Murphy v. Grenier,*
    406 F. App'x 972 (6th Cir. 2011)................................................................. 9

*Nair v. Oakland County Cmty. Mental Health Auth.*,
    443 F.3d 469 (6th Cir. 2006) ............................................................... 3

*S&M Brands, Inc. v. Cooper*,
    527 F.3d 500 (6th Cir. 2008) ............................................................. 10

*Smith v. SEC*,
    129 F.3d 356 (6th Cir. 1997) ............................................................... 6

*Walmart-Stores, Inc. v Dukes*,
    564 U.S. 338 (2011) .............................................................................. 5

**Statutes**

28 U.S.C. § 2202 .................................................................................... 9

42 U.S.C. § 1983 .................................................................................... 9

Mich. Comp. Laws § 28.725(1)(a) ........................................................ 7

Mich. Comp. Laws § 28.727(1)(d) ................................................. 6, 7, 8

Mich. Comp. Laws § 28.727(d) ............................................................. 2

Mich. Comp. Laws §§ 28.722(r)(xi); (t)(xiii) ........................................ 4

Mich. Comp. Laws 28.723(1)(d) ........................................................... 4

**Rules**

Fed. R. Civ. P. 23(b)(2) ......................................................................... 5

## CONCISE STATEMENT OF ISSUES PRESENTED

1. The plaintiff is a party in a class action lawsuit against the same parties seeking largely the same relief.  Class action lawsuits are designed to eliminate inconsistent judgments and duplicative lawsuits.  Should the plaintiff be able to bring two lawsuits against the same parties seeking the same relief?

2. Eleventh Amendment immunity shields officials from money damages in official capacity lawsuits.  Plaintiff filed against the Governor of Michigan and the Colonel of the Michigan State Police in their official capacities.  Are the Governor and Colonel subject to money damages claims in their official capacities?

3. The plaintiff was convicted of failing to report his residential address to law enforcement.  Under *Heck*, plaintiffs cannot collaterally attack their criminal convictions through a civil action unless the conviction has been overturned.  Can the plaintiff pursue civil remedies against two defendants who had no personal involvement with the conviction and where the conviction has not been overturned?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:   Fed. R. Civ. P. 23(b)(2).

*Walmart-Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

*Edelman v. Jordan*, 415 U.S. 651 (1974).

*Heck v. Humphry*, 512 U.S. 477 (1994) .

## STATEMENT OF FACTS

Mr. Been was convicted in 2013 in Oklahoma for soliciting sexual conduct or engaging in sexual communication with a minor.[1]  He is now a resident of Van Buren County, Michigan. (Compl. ¶ 1.)

The Michigan State Police (MSP) contacted Mr. Been by phone in April 2024 and informed Mr. Been that he needed to register as a sex offender with law enforcement.[2]  (Compl. ¶ 19.)  He registered with law enforcement in Van Buren County and was charged with providing false information related to his residential address.[3]  (Compl. ¶¶ 18, 21, 30.)  The charges appear to be related to whether an RV on a property with an uninhabitable home can be considered a residence. (Compl. ¶¶ 21-32.)

Mr. Been filed a petition for an emergency ex parte restraining order and to request a hearing in this Court.  (ECF No. 1, PageID.2-17.)  He also filed a motion for temporary injunction, which the Court labeled as a complaint.  (ECF No. 2, PageID.44.)  This Court denied the motion for ex parte temporary restraining order. (ECF No. 6, PageID.48-49.)

---

[1] Michigan Sex Offender Registry,
https://mspsor.com/Home/OffenderDetails/8c82524d-b0e5-4e8f-a9a1-54e085004e51
(last accessed May 27, 2025).

[2] It is not clear from the complaint when Mr. Been moved to Michigan, but it is presumed that it was prior to April 2024.

[3] Upon information and belief, Mr. Been was convicted by a jury on May 13, 2025 for failing to report his residential address.

Mr. Been's complaint is styled as a declaratory action and a request for injunction.  (Compl. ¶ 6.)  While it is difficult to decipher, Mr. Been seems to be seeking: (1) a restraining order related to charges brought against him for failure to update his residential address as required by the Sex Offender Registration Act (SORA), and (2) a hearing to determine whether the definition of residence is vague under the SORA.  (Compl. ¶¶ 18, 21, 25, 28 G.)  It appears that Mr. Been is asserting that since the district court for the Eastern District of Michigan found some provisions of the SORA unconstitutionally vague, then it must apply to the provision related to reporting residences.[4]  (Compl. ¶¶ 34, 36.)

There are no specific allegations about Governor Whitmer or Colonel Grady in the complaint, and the claims are brought against them in their official capacities.  The only mention of the MSP is related to an alleged phone call to Mr. Been to inform him that he needed to register as a sex offender.  (Compl. ¶ 19.)

---

[4] The district court did not address whether the statutory language in Mich. Comp. Laws § 28.727(d) related to reporting residences was vague.  *Does v. Whitmer*, No. 22-CV-10209, 2025 WL 914129, at *8 -*11. (E.D. Mich. Mar. 26, 2025).  The court did enjoin enforcement of the SORA against registrants with convictions for out-of-state offenses.  (*Id.* at *7.)  The injunction will take effect on July 21, 2025.  *Does v. Whitmer*, 2:22-cv-10209 ECF No. 177, PageID.9388, 9391-9392.

## STANDARDS OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges a court's authority to grant the relief (or jurisdiction over the relief) requested in a complaint. Eleventh Amendment immunity is a "threshold defense" invoked "usually by way of a motion to dismiss under Rule 12(b)(1)*." Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the pleadings and whether a party has stated a claim upon which relief can be granted.  Under Fed. R. Civ. P. 12(b)(6), "[t]he court must construe the complaint in the light most favorable to plaintiffs[] [and] and accept all well-pled factual allegations as true . . ." *League of United Latin American Citizens v Bredesen*, 500 F3d 523, 527 (6th Cir. 2007).  However, although it must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

# ARGUMENT

## I.    Plaintiff is already a class member in a lawsuit challenging the same law

The plaintiff appears to be challenging his reporting obligations based on the ruling from the Eastern District of Michigan which held that sex offenders with out-of-state convictions will no longer have to register once the final judgment takes effect.  (Compl. ¶¶ 15-16.)

The *Does v Whitmer* case in the Eastern District of Michigan is a class action lawsuit challenging numerous provisions of the Sex Offender Registration Act.  The court certified a class called the "non-Michigan offense subclass" which includes individuals subject to registration under Mich. Comp. Laws §§ 28.722(r)(xi); (t)(xiii); or 28.723(1)(d), for a conviction or adjudication from a jurisdiction other than Michigan." *Does v. Whitmer*, 2:22-cv-10209 ECF No. 177, PageID.9378.

The plaintiff is a member of the non-Michigan offense subclass because his conviction is from Oklahoma.[5]  The relief granted to members of the subclass is a permanent injunction from enforcing the SORA against the "non-Michigan offense subclass based on a conviction or adjudication from a jurisdiction other than Michigan." *Does v. Whitmer*, 2:22-cv-10209 ECF No. 177, PageID.9388.  The effective date of the judgment is July 21, 2025.[6]  (*Id.* at 9391-9392.)

---

[5] See fn 1.

[6] The defendants requested a stay in the district court, but it was denied.  *Does v. Whitmer*, No. 22-CV-10209, 2025 WL 1428243, at *1 (E.D. Mich. May 19, 2025). They will also be seeking a stay in the Sixth Circuit. The judgment includes a provision for an extension of the effective date of the judgment if the SORA is amended. *Does v. Whitmer*, 2:22-cv-10209 ECF No. 177, PageID.9391.  This

The plaintiff seems to be arguing that he cannot be prosecuted for his May 2024 conduct because the amended final judgment entered by the Eastern District in April 2025 enjoins enforcement against him. (Compl. ¶ ¶ 18, 19, 30, 51.) However, the judgment does not take effect until July 21, 2025. *Does v. Whitmer*, 2:22-cv-10209 ECF No. 177, PageID.9391-9392. In other words, he wants to jump the gun. He wants relief before it takes effect.

As a member of the subclass, the plaintiff will receive the same relief as all other members of the subclass. Fed. R. Civ. P. 23(b)(2). The plaintiff is precluded from opting out of the class and seeking his own relief via a separate lawsuit, as he attempts to do so here. Rule 23(b)(2) exists to protect against inconsistent judgments. *See Walmart-Stores, Inc. v Dukes*, 564 U.S. 338, 360-362 (2011) ("The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'")

The purpose of Rule 23 class actions is resource efficiency and economy of litigation. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). "Class actions

---

extension is consistent with opinion wherein it stated: "the Court enjoins the required registration of individuals convicted of out-of-state offenses. To require such individuals to register under SORA 2021, the legislature must adopt a constitutional process that affords registrants with a judicial determination of their registration requirements." *Does v. Whitmer*, No. 22-CV-10209, 2025 WL 914129, at *7 (E.D. Mich. Mar. 26, 2025). The legislature may act before the amended final judgment takes effect. "The legislature is in the best position to determine the appropriate judicial process for out-of-state offenders." (*Id.*)

serve an important function in our judicial system.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit . . . eliminates the possibility of repetitious litigation . . ." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 560 (2d Cir. 1968).

What is more, district courts have inherent power to administer their own dockets, and they may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

The plaintiff is already a party in the class action lawsuit against the same defendants seeking the same relief.  This lawsuit is duplicative of the class action lawsuit.  The district court has already granted the relief that he seeks through this lawsuit.  The Court should dismiss this action in its entirety.

## II.    The plaintiff is not really arguing that the statute is vague, but instead is attacking his conviction for failing to report his address

The plaintiff's complaint uses labels and legal conclusions to suggest that the requirement for sex offenders to report their residence is unconstitutionally vague. (Compl. ¶¶ D.I., 23, E.)  However, stripping away the labels and legal conclusions, his complaint is actually about the evidence used against him to convict him for failing to register his address with law enforcement.

6

Under the SORA, sex offenders must report "the address where the individual resides or will reside."  Mich. Comp. Laws § 28.727(1)(d)[7].   If a sex offenders residential address changes, they must report that change to law enforcement within three business days.  Mich. Comp. Laws § 28.725(1)(a).

According to the complaint, the plaintiff was charged with providing false information about his residence.  (Compl. ¶ 21.)  He reported his address as 6800 Pine Court Unit B, which is the address for an uninhabitable home, but the plaintiff allegedly lived in an RV next to the uninhabitable home (*Id*. at ¶¶ 21-24.)  Although it is unclear where the testimony was provided (it was likely the preliminary exam), Officer Smigielski testified that his determination that the plaintiff did not live at the address provided was not based solely on the habitability of the dwelling.  (Compl. ¶ 31.)  Further, Officer Smigielski was cross-examined and acknowledged that someone could sleep in an RV.  (Compl. ¶ 26.)  The plaintiff contends that Officer Smigielski never inspected the RV to determine whether the plaintiff had any personal belongings there.  (Compl. ¶ 24.)  He further alleges that Officer Smigielski returned to the property after the preliminary exam to take body cam footage of Unit B, but did not even look at the RV.  (Compl. ¶ 32.)

At base, the plaintiff is challenging his conviction for failing to report his address.  The trial court seemingly determined that the plaintiff failed to report his

---

[7] The statute also explains what to report if a sex offender does not have a residential address – the offender must report "the location or area used or to be used by the individual in lieu of a residence or, if the individual is homeless, the village, city, or township where the person spends or will spend the majority of his or her time."  Mich. Comp. Laws § 28.727(1)(d).

residential address based on Officer Smigielski's testimony, body cam footage and presumably other evidence.  The plaintiff was unable to refute the testimony, and he was convicted of failing to report his residence.

It's not clear how the Governor or the Colonel of the Michigan State Police are proper parties to this challenge to the plaintiff's conviction for failing to report a residential address.  However, what is clear is that any § 1983 claims against them are barred by *Heck v. Humphry*.  512 U.S. 477, n. 6 (1994) (Successful prosecution of this 1983 action "would necessarily imply that the plaintiff's criminal conviction was wrongful.")  *Heck* applies to § 1983 claims seeking injunctive or declaratory relief.  *Ibrahim v. U.S. Parole Bd. Members*, 80 F. App'x 421, 422 (6th Cir. 2003), citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997).

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *Id.* at 646, citing *Heck*, 512 U.S. at 477.  Here, the plaintiff has not done so but he instead argues that since he was convicted of failing to register his address, and he was unable to convince the jury that he lived in an RV next to an uninhabitable home, the statute must be vague. Not so.

*First*, there is nothing about the statute that is vague.  The language is clear and provides latitude for situations where sex offenders don't have a fixed residence.  Mich. Comp. Laws § 28.727(1)(d).  Plaintiff was able to present evidence

and arguments on whether he lived in the RV next to 6800 Pine Court Unit B and whether that should be considered he residence.  Despite the evidence he presented, the jury found that he failed to report his residential address.

*Second*, under *Heck*, the plaintiff's civil action is barred because it necessarily implies the invalidity of his criminal convictions.  *Heck*, 512 U.S. at 486–87.  The plaintiff's claims are an impermissible collateral attack on his criminal conviction for failing to report his residential address.

*Finally*, the threadbare, and ill-defined, § 1983 claim fares no better.  (Compl. ¶ 5.)  Personal involvement is necessary to establish liability under section 1983.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011).  The defendant must be personally involved in the alleged unconstitutional conduct.  *Binay v. Bettendorf*, 601 F.3d 640, 540 (6th Cir. 2010).

Even with the most liberal reading, the plaintiff has not pled that the Governor or the Colonel through their "own individual actions," violated his constitutional rights.  *See Ashcroft*, 556 U.S. at 676.  The closest allegation is that "MSP makes unilateral decisions about whether someone with a non-Michigan conviction is subject to registration, and if so, what tier level and requirements apply."  (Compl. ¶ 12.)  However, that does not clear the bar to be considered "individual action" of the Colonel or the Governor.  Accordingly, they cannot be held liable under § 1983 and those claims should be dismissed.

**III.    Claims for money damages are barred by the Eleventh Amendment**

While it is not entirely clear whether the plaintiff is seeking money damages against the Governor or the Colonel, his complaint does mention 42 U.S.C. § 1983 and 28 U.S.C. § 2202.  The claims against the Governor and the Colonel are official capacity claims.  (Compl. ¶ 4.)  To the extent that he is seeking money damages for official capacity claims, those claims are barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 663-69 (1974); *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).  Accordingly, those claims should be dismissed.

## CONCLUSION AND RELIEF REQUESTED

This Court should dismiss the lawsuit because the plaintiff has already brought the same claims against the same parties over the same law in another court and has been granted relief.  Further, the plaintiff is impermissibly attempting to collaterally attack his conviction and has not plead any personal involvement of the Governor or the Colonel of the Michigan State Police.  To the extent that the complaint is construed to include claims for money damages, those claims should be dismissed under the Eleventh Amendment.

Respectfully submitted,


*/s/ Eric Jamison*
Eric Jamison
Assistant Attorney General
Attorney for Whitmer and Grady
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

Dated:  May 29, 2025

2025-0429479-A