UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ARTHUR LEE BEEN, JR.,

    Plaintiff,

v.

HON. ANGELA PASULA,
GRETCHEN WHITMER,
and JAMES GRADY,

    Defendants.

Case No. 1:25-CV-542

HON. ROBERT J. JONKER
MAG. JUDGE PHILLIP J. GREEN

---

Arthur Lee Been, Jr.
Plaintiff
*In Pro Per*
24871 28th Avenue
Paw Paw, MI 49079
(405) 906-9999

Thaddeus J. Hackworth (P84996)
Corporate Counsel
Berrien County – Administration
Co-Counsel for Def. Pasula
701 Main Street
St. Joseph, MI 49085
(269) 983-7111
thackworth@berriencounty.org

Kristen L. Rewa (P73043)
Cummings, McClorey, Davis & Acho, PLC
Attorney for Defendant Pasula
2851 Charlevoix Drive, SE, Suite 203
Grand Rapids, MI 49546
(616) 975-7470
krewa@cmda-law.com

Eric Michael Jamison (P75721)
MI Dept of Attorney General (Civil Rights/Liberties)
Civil Rights and Election Division
Attorney for Defendants Grady and Whitmer
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
(517) 335-7573
(517) 335-7578 Fax
jamisone@michigan.gov

---

**BRIEF IN SUPPORT OF DEFENDANT HON. ANGELA PASULA'S MOTION TO DISMISS**

***ORAL ARGUMENT NOT REQUESTED***

## TABLE OF CONTENTS

**INDEX OF AUTHORITIES** .................................................................................................iii

**ISSUES PRESENTED** ........................................................................................................ v

**EXHIBIT LIST** ..................................................................................................................vi

**STATEMENT OF FACTS** ................................................................................................. 1

**STANDARD OF REVIEW** ................................................................................................ 2

**ARGUMENT** ....................................................................................................................... 3

    I.      **Plaintiff's action is barred by the Anti-Injunction Act and** *Younger v Harris*................................................................................................................. 3

    II.     **Plaintiff Failed to Plead a Claim Against Judge Pasula.** .......................... 6

**CONCLUSION AND RELIEF REQUESTED** ................................................................. 7

**CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT** ............................... 8

## INDEX OF AUTHORITIES

**Cases**

***Ballard v. Stanton***,
   833 F.2d 593 (6th Cir. 1987) .................................................................................... 4

***Bey v. Bagley***,
   301 F. App'x 442 (6th Cir. 2008) .............................................................................. 3

***Buck v. Thomas M. Cooley Law School***,
   597 F.2d 812 (6th Cir. 2010) .................................................................................... 3

***Cooper v. Parrish***,
   203 F.3d 937 (6th Cir. 2000) .................................................................................... 7

***D'Ambrosio v. Marino***,
   747 F.3d 378 (6th Cir. 2014) .................................................................................... 3

Doe v. University of Kentucky,
   860 F.3d 365 (6th Cir. 2017) .................................................................................... 4

***Does v. Whitmer, et al***,
   Case 2:22-cv-10209-MAG-CI .................................................................................. 1

***Fenner v. Boykin***,
   271 U.S. 240 (1926) ................................................................................................. 4

***Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.***,
   807 F.3d 806 (6th Cir. 2015) .................................................................................... 2

***Hansel v. Town Court of Town of Springfield***,
   56 F.3d 391 (2d Cir. 1995) ....................................................................................... 5

***Heck v. Humphry***,
   512 U.S. 477 (1994) ................................................................................................. 7

***Huffman v. Pursue, Ltd***,
   420 U.S. 592 (1975) ................................................................................................. 5

***In re Harder***,
   -- N.W.3d --, No. 368645, 2025 WL 825907 (Mich. Ct. App. Mar. 14, 2025) ................ 6

***Martin v. Overton***,
   391 F.3d 710 (6th Cir.2004) ..................................................................................... 6

*Moore v. Sims*,
  442 U.S. 415 (1979) .................................................................................................. 5

*Ogle v. Church of God*,
   153 F. App'x 371 (6th Cir. 2005) ............................................................................. 2

*People v. Betts*,
  507 Mich. 527, 968 N.W.2d 497, 504 (2021) ........................................................... 5

*Pucci v. Nineteenth Dist. Court*,
  628 F.3d 752 (6th Cir. 2010) .................................................................................... 7

*Riverview Health Institute v. Medical Mutual, Ohio*,
  601 F.3d 505 (6th Cir. 2010) .................................................................................... 2

*Younger v. Harris*,
   401 U.S. 37 (1971) ........................................................................................... 3, 4, 5

*Younger*, 401 U.S. at 46 .................................................................................................. 6

Zalman v. Armstrong,
  802 F.2d 199 (6th Cir. 1986) .................................................................................... 4

**Statutes**

28 U.S.C. § 2283 ............................................................................................................. 3

42 U.S.C. § 1983 ............................................................................................................. 1

**Rules**

Fed.R.Civ.P. 12(b)(1) ...................................................................................................... 2

Fed.R.Civ.P. 65(B)(1) ..................................................................................................... 2

Fed.R.Civ.P.12(b)(6) ....................................................................................................... 2

# ISSUES PRESENTED

I. ARE PLAINTIFF'S CLAIMS BARRED BY THE ANTI-INJUNCTION ACT AND YOUNGER ABSTENTION?

    Plaintiff answers "no."

    Defendant Hon. Pasula answers "yes."

II. HAS PLAINTIFF PLEADED A VIABLE CAUSE OF ACTION AGAINST JUDGE PASULA?

    Plaintiff answers "yes."

    Defendant Hon. Pasula answers "no."

## EXHIBIT LIST

**Exhibit A**   **Felony Information**

**Exhibit B**   **Verdict Form**

**Exhibit C**   **Register of Actions**

**Exhibit D**   **In Re Harder v State of Michigan (2025 WL 825907)**

## STATEMENT OF FACTS

Plaintiff Arthur Been, proceeding pro se, filed a complaint entitled "Emergency Ex Parte Restraining Order and Request for Hearing" on May 9, 2025. (ECF No.1, PageID.1). He sues Berrien County Judge Angela Pasula, Michigan Governor Gretchen Whitmer, and Michigan State Police Director James Grady in their official capacities. (Id.) Plaintiff brings a claim under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against an ongoing criminal prosecution in the Berrien County trial court. (Id., ¶ 5-6, PageID.2).

Plaintiff is subject to registration requirements under Michigan's Sex Offender Registration Act (SORA) for a conviction from a different state. (¶ 9 PageID.3-4). Plaintiff was charged with a violation of SORA in May of 2024 for giving false information when registering his address. (Id., ¶18-32, PageID.6-9; Exhibit A, Information). Plaintiff was convicted by a jury in Judge Pasula's courtroom on May 13, 2025. (¶ 51, PageID.15-16; Exhibit B, Verdict Form). Plaintiff is scheduled for sentencing on June 30, 2025. (Exhibit C, Register of Actions).

Plaintiff is a member of the "non-Michigan offense subclass" in the ongoing class action *Does v. Whitmer, et al*, Case 2:22-cv-10209-MAG-CI, pending in the Eastern District of Michigan (*Does III*). (¶ 8-10, PageID.3-4). Plaintiff asserts the judgments and orders issued in *Does III* bar his ongoing state criminal case in Berrien County. Plaintiff recognizes that the *Does III* judgment is not final, however, he states Judge Pasula—who is not a party in *Does III*—should be bound by the rulings of the Eastern District. (See, ¶ 16, PageID.5).

Notably, the *Does III* judgment upon which Plaintiff relies does not go into effect for 90 days from the judgment date, or until July 21, 2025. (See Order, attached as Pl's

{02310442-1 }1

Attachment 1, ECF No.1-1, PageID.32; see also Co-Def Br fn4, ECF No.15, PageID.69). Moreover, the judgment and rulings are subject to a forthcoming appeal. (see Co-Def Br, fn6, PageID.71).

In an Order dated May 9, 2025 this Court denied Plaintiff's *ex parte* motion for failure to follow the procedural requirements of Fed.R.Civ.P. 65(B)(1). (Order, ECF No.6, PageID.48). The Court further noted the Anti-Injunction Act prohibits federal courts from enjoining pending state criminal prosecutions. (*Id.,* PageID.48-49)(citing 28 U.S.C. § 2283)).

## STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(1) allows for dismissal of claims where the court lacks subject matter jurisdiction. A court must determine whether subject matter jurisdiction exists before making any decision on the merits. **Ogle v. Church of God**, 153 F. App'x 371, 374 (6th Cir. 2005). A Rule 12(b)(1) motion can be a "facial" attack, accepting the allegations in the pleadings as true, or a factual attack, in which no presumption of truthfulness applies to the factual allegations. See **Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co**., 807 F.3d 806, 810 (6th Cir. 2015). The plaintiff bears the burden of establishing jurisdiction. *Id*.

"A motion to dismiss under Fed.R.Civ.P.12(b)(6) is designed to test the sufficiency of the complaint." **Riverview Health Institute v. Medical Mutual, Ohio**, 601 F.3d 505, 512 (6th Cir. 2010). "[D]ismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Id.* The reviewing court must generally accept all factual allegations of the complaint as "true," but the Court need not

{02310442-1 }2

accept as true "legal conclusions or unwarranted factual inferences." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a claim. *Id.*

"Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law School*, 597 F.2d 812, 816 (6th Cir. 2010).

## ARGUMENT

### I. Plaintiff's action is barred by the Anti-Injunction Act and *Younger v Harris*

The Anti-Injunction Act states "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act is a broad prohibition that applies even after conviction. For example, in *Bey v. Bagley*, the Sixth Circuit denied a motion to enjoin a state execution because such relief was barred by § 2283, even after the petitioner had exhausted all avenues of state appeal and habeas relief. *Bey v. Bagley*, 301 F. App'x 442, 444-446 (6th Cir. 2008).

Citing this statute, the Supreme Court held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts "should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id*, at 43-4. "The accused should first set up and rely upon his defense in the state courts, even though this

involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." *Id.*, at 45 (*quoting* **Fenner v. Boykin**, 271 U.S. 240, 243-4 (1926)).

"***Younger*** abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." **Doe v. University of Kentucky**, 860 F.3d 365, 368 (6th Cir. 2017). The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." **Zalman v. Armstrong**, 802 F.2d 199, 205 (6th Cir. 1986)**Error! Bookmark not defined.** (internal quotations omitted). Exceptions to ***Younger*** abstention are narrowly construed. **Zalman v. Armstrong**, 802 F.2d 199, 205 (6th Cir. 1986).

For example, in **Ballard v. Stanton**, 833 F.2d 593 (6th Cir. 1987), the plaintiff claimed that "extraordinary circumstances" existed to justify injunctive relief, where she had been subjected to state prosecution on charges of the sexual abuse of children. *Id.*, at 593. Referencing ***Younger*** and its progeny, the Sixth Circuit denied relief on the ground that the plaintiff "will have an adequate opportunity to challenge and correct any constitutional violations in the first instance before the state courts; plaintiff therefore fails to demonstrate that any 'great and immediate irreparable injury' will occur if this court denies the request for an emergency stay of proceedings." *Id.*, at 595.

Applied to this case, all of the elements of ***Younger*** abstention are met. First, although Plaintiff has been convicted, the criminal case remains pending. His sentencing is scheduled for June 30, 2025. Second, an adequate remedy exists for

{02310442-1 }4

Plaintiff to challenge an allegedly defective conviction through motion practice in the trial court and/or direct appeal. Finally, the administration of criminal justice, including application and interpretation of a state criminal statute, is an important state interest. See **Hansel v. Town Court of Town of Springfield**, 56 F.3d 391, 393 (2d Cir. 1995).

Plaintiff has not cited to a specific, recognized exception to § 2283 or **Younger**. This brief takes no position on the ultimate merits of Plaintiff's constitutional arguments and does not intend to engage in a constitutional analysis of 2021 SORA in this forum. However, one exception to **Younger** is that the "challenged statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" **Moore v. Sims**, 442 U.S. 415, 424 (1979)(citing **Huffman v. Pursue, Ltd**, 420 U.S. 592, 611 (1975)). The **Does III** ruling, by itself, does not establish the high bar set by this **Younger** exception. The **Does III** judgment did not strike down all parts of SORA. (See Pl's Attch 1, p.3, PageID.11 (granting summary judgment to the State on certain provisions)). The **Does III** ruling is not yet effective and appears to be subject to a forthcoming appeal.

Moreover, the **Does III** judgment is not controlling on the Berrien County trial court. See, e.g. **People v. Betts**, 507 Mich. 527, 541, 968 N.W.2d 497, 504 (2021) (Michigan Supreme Court not bound by Sixth Circuit rulings in prior SORA litigation, conducted separate constitutional analysis). As such, Plaintiff cannot argue that the state court's "failure" to follow **Does III** is evidence of bad faith or harassment, the third **Younger** exception. **See Huffman**, 420 U.S. at 611. Indeed, Michigan courts have reached different conclusions on the constitutionality of the 2021 SORA than those

reached by the Eastern District in *Does III*. See, e.g., *In re Harder*, -- N.W.3d --, No. 368645, 2025 WL 825907 (Mich. Ct. App. Mar. 14, 2025) (upholding 2021 SORA against constitutional challenges brought by non-Michigan offender seeking to be relieved of registration requirements). Litigation on the constitutionality of 2021 SORA remains pending in Michigan Courts. See e.g., *People v. Kardasz*, 513 Mich. **1118, 1118**, 6 N.W.3d 405 (2024) (directing oral argument on constitutionality of various provisions of 2021 SORA).

The *Betts* and *Kardasz* cases show that criminal defendants charged with SORA violations pursue their constitutional claims associated with pending criminal charges through the state criminal process, even while civil challenges were litigated simultaneously in federal court. Plaintiff will not suffer any "great and immediate irreparable injury" in the sense required to obtain injunctive relief against the state court criminal proceedings. He retains the ability to vindicate his position in the state court criminal proceedings, including appeal. *Betts* and *Kardasz* show that those charged with SORA violations can—and do—raise constitutional challenges in Michigan courts. Plaintiff suffers only the burden of his criminal defense, which is categorically insufficient to obtain the injunctive relief he demands. *Younger*, 401 U.S. at 46. As such, Plaintiff's claims are barred by § 2283 and *Younger*.

**II.  Plaintiff Failed to Plead a Claim Against Judge Pasula.**

Although a pro se plaintiff's complaint is construed liberally, such complaints must still plead within the edicts of *Iqbal* and *Twombly*. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir.2004). Plaintiff's Complaint failed to plead a viable cause of action against Judge Pasula. Plaintiff's pleading does not assert that Judge Pasula violated his constitutional rights. Judge Pasula did not initiate the criminal proceedings against

Plaintiff. The pleadings do not even allege that Plaintiff presented his constitutional arguments to Judge Pasula in the criminal case for her consideration and ruling.

Additionally, Plaintiff's § 1983 claims are foreclosed by the **Heck** doctrine because his claims necessarily imply his conviction is invalid. **Heck v. Humphry**, 512 U.S. 477, 487 (1994). He cannot pursue a § 1983 claim unless and until his conviction is overturned *in state* court. *Id*. (see also Co-Defendant's argument, ECF No.15, PageID.75).

Finally, Judge Pasula is entitled to Eleventh Amendment immunity from any purported claim to monetary damages because Michigan Courts are arms of the State. **Pucci v. Nineteenth Dist. Court**, 628 F.3d 752, 762-63 (6th Cir. 2010).[1] (See also, Co-Defendant's argument, PageID.77). As such, Plaintiff's § 1983 claims fail as a matter of law.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Defendant Hon. Angela Pasula requests that this Court grant her motion to dismiss, enter judgment in her favor, and dismiss this case with prejudice.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

May 30, 2025                  /s/*Kristen L. Rewa*
                              Kristen L. Rewa (P73043)
                              Attorneys for Defendant Hon. Angela Pasula

---

[1] Plaintiff's claims appear to be asserted against Judge Pasula in her official capacity, not her individual capacity. (See Caption, ECF No.1, PageID.2). Even if individual capacity was asserted, judges are afforded absolute immunity from claims for monetary damages under § 1983 for their judicial actions. **Cooper v. Parrish**, 203 F.3d 937, 944 (6th Cir. 2000).

## **CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT**

      Defendant Hon. Angela Pasula, in compliance with LCivR 7.2(b)(i), used 1,992 words in her Brief in Support of her Motion to Dismiss. Microsoft Word Office 365 is the word processing software used to generate the word count in the attached brief.

                                                 By:    /s/ Kristen L. Rewa
                                                            Kristen L. Rewa (P73043)