UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LEE BEEN, JR.,

    Plaintiff,                                  Hon. Robert J. Jonker

v.                                                         Case No. 1:25-cv-542

ANGELA M. PASULA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 14) and Defendant's Motion to Dismiss (ECF No. 17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be granted and this action terminated.

       In 2013, Plaintiff was convicted in Oklahoma of Soliciting Sexual Conduct or Engaging in Sexual Communication with a Minor. *See* Arthur Lee Been Jr., available at https://mspsor.com/Home/OffenderDetails/79d782ce-5a11-4a70-9f8c-b87526573cb1 (last visited Oct. 21, 2025). Plaintiff later moved to Michigan, which subjected him to the requirements of the Michigan Sex Offender Registration Act (SORA).

       In 2024, Plaintiff was charged criminally with failing to properly register under SORA. (ECF No. 1, PageID.6-8). Plaintiff initiated this action by filing a Petition for Emergency Ex Parte Restraining Order, requesting that his criminal prosecution be

1

enjoined on the ground that the SORA provisions under which he was criminally charged are unconstitutional. (ECF No.1, PageID.16). The Honorable Robert J. Jonker denied Plaintiff's request for injunctive relief. (ECF No. 6). Specifically, the Court concluded that "the Anti-Injunction Act precludes federal courts from enjoining pending state criminal prosecutions." (ECF No. 6, PageID.5). As the Court further noted, Plaintiff's allegations did not fall within any of the exceptions to this general rule. (ECF No. 6, PageID.5-6).

In the more than five months since the Court's ruling, Plaintiff has not amended or moved to amend his pleadings. Thus, at this juncture, the only relief Plaintiff is seeking in this Court is an Order enjoining his state court criminal prosecution. Plaintiff's claim fails for one of two alternative reasons. First, if Plaintiff's state-court criminal case is still proceeding, enjoining such is foreclosed for the reasons previously articulated by the Court. On the other hand, if Plaintiff's state-court criminal case has been adjudicated to a final judgment and is no longer pending, Plaintiff's request to enjoin such is simply moot. Accordingly, the undersigned recommends that Defendants' motions be granted and this action terminated.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 14) be granted, Defendant's Motion to Dismiss (ECF No. 17) be granted, and this action terminated. The undersigned further recommends

that an appeal of this matter by Plaintiff would be frivolous and not be in good faith.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: October 22, 2025            /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge

3